PARKER, Acting Chief Judge.
David Marker appeals his sentence of twenty-two years’ incarceration entered af *1038 ter a probation violation. Marker argues that the trial court erred in sentencing him because the scoresheet erroneously included forty instead of twenty victim injury points. The State properly concedes error, and we reverse.
In 1993 Marker pleaded no contest to one count of sexual battery and one count of handling and fondling a minor. He was sentenced in 1994 to concurrent terms of twelve years’ imprisonment on both charges with five years’ probation to follow on the sexual battery charge. The court subsequently found Marker to be in violation of his probation and sentenced him to twenty-two years’ imprisonment on the sexual battery charge.
In preparing the scoresheet for sentencing on the probation violation, the State assessed forty victim injury points for “slight contact but no penetration.” This assessment was error because “contact but no penetration” should score twenty points.[1] Fla. R.Crim. P. 3.988(b) (1992). Apparently, the State simply copied the number of victim injury points from the original scoresheet without realizing that only the offense of sexual battery was being scored. In any event, the State concedes error.
Without the additional twenty points, Marker would score 308 points and his maximum sentence would be seventeen years after a one-cell bump for the probation violation. Fla. R.Crim. P. 3.988(b) (1992); Fla. R.Crim. P. 3.701(d)(14) (1992). Because Marker received a sentence of twenty-two years, the trial court erred in sentencing Marker in excess of the guidelines without providing a reason for the departure. Fla. R.Crim. P. 3.701(d)(14) (1992). Therefore, we reverse and remand for resentencing.
Reversed and remanded.
WHATLEY, J., and SCHEB, JOHN M., (Senior) Judge, Concur.,

. The sexual battery charge alleged that Marker "placed his mouth and/or fingers on or in union with the vagina of” the victim.